

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 AUG 10 PM 2: 13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. **CR406-098** |
|  | ) |  |
|  | ) | **INDICTMENT** |
| **v.** | ) |  |
|  | ) | **Violations:** |
|  | ) |  |
| **BETTY ANN BAKER,** | ) | **18 USC § 371** |
| **A.K.A. BETTY ANN LOADHOLT,** | ) | **Conspiracy** |
| **A.K.A. ANN B. EDWARDS,** | ) |  |
| **A.K.A. BETTIE E. BAKER,** | ) | **18 USC § 1344** |
| **A.K.A. BRENDA A. BAKER,** | ) | **Bank Fraud** |
| **A.K.A. BETTY  EDWARDS,** | ) |  |
| **KADESIA GOLDEN,** | ) | **18 USC § 1035** |
| **JOQUINA WILLIAMS,** | ) | **False Statements** |
| **JOY JACKSON,** | ) | **Relating to a** |
| **MAYICO GOLDEN,** | ) | **Health Care Matter** |
| **MELISSA FRAZIER,** | ) |  |
| **MICHELLE SCOTT,** | ) | **42 USC § 408(a)(7)(B)** |
| **RYAN LEDBETTER,** | ) | **Falsely Representing a** |
| **LENWOOD PORTER,** | ) | **Social Security Number** |
| **TAMEKA POTTER, and** | ) |  |
| **KENNETH JACKSON** | ) | **18 USC § 2** |
|  | ) | **Aiding and Abetting** |

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

## I.    GENERAL ALLEGATIONS - INTRODUCTION

### A.    Memorial Health University Medical Center

1.  Memorial Health University Medical Center ("Memorial") is a full service health care provider located in Chatham County, within the Southern District of Georgia.

2.  At all times relevant to this Indictment, Defendant **BETTY ANN BAKER,**

**A.K.A. BETTY ANN LOADHOLT,  A.K.A. ANN B. EDWARDS,  A.K.A. BETTIE E.**

BAKER, A.K.A. BRENDA A. BAKER, A.K.A. BETTY EDWARDS (hereinafter referred to as "Betty Ann Baker") was employed by Memorial Hospital as a Billing Clerk and Refund Specialist.

3. At all times relevant to this Indictment, Defendant **KADESIA GOLDEN** was also employed by Memorial Hospital.

4. As a refund specialist, Defendant **BETTY ANN BAKER** was responsible for researching patient accounts for overpayments made by Medicaid, Medicare, Private Insurance Companies, and individual patients.

5. Defendant **BETTY ANN BAKER** was responsible for submitting a refund check request voucher for accounts in which there had been an overpayment.

6. Defendant **BETTY ANN BAKER** was authorized to issue refund check request vouchers of up to only $300.00 without a supervisor's authorizing signature.

**B.      Wachovia Bank**

1. Wachovia Bank ("Wachovia") is a financial institution located in Chatham, County, within the Southern District of Georgia, the deposits of which were, at all times relevant to this indictment, insured by the Federal Deposit Insurance Corporation ("FDIC").

2. At all times relevant to the indictment, Defendant Memorial Health maintained accounts at Wachovia Bank including account number 2079900415986.

**C.      The Scheme**

1. Beginning in or about April, 2004, Defendant **BETTY ANN BAKER**, along with Defendant **KADESIA GOLDEN**, who was at all times relevant to the indictment also an

2

employee of Memorial Hospital, and the other co-conspirators identified in this Indictment, devised a scheme to create and negotiate fraudulent checks drawn on a Wachovia Bank account.

2. Beginning in or about May, 2005, Defendant **BETTY ANN BAKER** began causing fictitious re-imbursement checks to be issued in her name, in several variations of her name, as well as in the name of other individuals, including the co-conspirators referenced in this indictment.

3. Beginning in or about May, 2005, Defendant **BETTY ANN BAKER**, aided and abetted by her co-conspirators, caused checks to be issued under false names.

4. Defendant **BETTY ANN BAKER** then caused these checks to be held by Memorial Hospital for her to pick them up personally.

5. Defendant **BETTY ANN BAKER**, aided and abetter by the co-conspirators, then forged the signature of Mr. Randy Sites, one of the authorizing individuals required to approve any reimbursement checks greater than $300.00.

6. The checks were then negotiated by Defendant **BETTY ANN BAKER** and the co-conspirators by forging the signatures of the payee listed on the check, then placing a second endorsement by the individual negotiating the check and receiving the payment.

7. The checks were cashed by Defendant **BETTY ANN BAKER** and the co-conspirators at Wachovia Bank located in Chatham County, in the Southern District of Georgia, as well as other locations.

3

8. Defendants **BETTY ANN BAKER, KADESIA GOLDEN, JOQUINA WILLIAMS, JOY JACKSON, MAYICO GOLDEN, MELISSA FRAZIER, MICHELLE SCOTT, RYAN LEDBETTER, LENWOOD PORTER, TAMEKA POTTER, and KENNETH JACKSON** then retained the funds from the fraudulent checks for their own use and enjoyment.

**COUNT 1**
**[CONSPIRACY - 18 U.S.C. §§ 2 & 371]**

**THE GRAND JURY FURTHER CHARGES THAT:**

I.     The General Allegations of Part I are hereby incorporated into this count as if fully set forth herein.

**A.     The Conspiracy**

Beginning on or about April 28, 2004 and continuing thereafter until on or about July 26, 2005, in Chatham County, within the Southern District of Georgia, and elsewhere, the Defendants,

**BETTY ANN BAKER**
**KADESIA GOLDEN,**
**JOQUINA WILLIAMS,**
**JOY JACKSON,**
**MAYICO GOLDEN,**
**MELISSA FRAZIER,**
**MICHELLE SCOTT,**
**RYAN LEDBETTER,**
**LENWOOD PORTER,**
**TAMEKA POTTER, and**
**KENNETH JACKSON**

aided and abetted by each other, knowingly and willfully combined, conspired, confederated and agreed together and with each other to execute a scheme or artifice to obtain the moneys, funds credits, assets, securities, or other property owned by, or

4

under the custody or control of a financial institution, by means of false or fraudulent pretenses, representations, or promises; in violation of Title 18, United States Code, Sections 1344 and 2.

## Objects of the Conspiracy

1.      The objects of the conspiracy were as follows:

a.  To obtain money from a federally insured financial institution by fraudulently concealing and converting certain payments which were, in truth and in fact, the property of a third party bank.

b.    To transfer certain funds which were unlawfully obtained in order to facilitate the scheme to defraud a federally insured financial institution.

c.    To avoid detection and apprehension by using fictitious names and identities, by using a false social security number, and by forging signatures.

## The Manner and Means Used to
## Further the Objects of the Conspiracy

2.      It was part of the conspiracy that Defendant **BETTY ANN BAKER**, aided and abetted by others, devised a scheme to defraud a federally insured financial institution by concealing certain payments, through a series of financial transactions and negotiating checks, which were owed to another financial institution.

3.      It was a further part of the conspiracy for the Defendant **BETTY ANN BAKER**, aided and abetted by others, to convert these fraudulently obtained funds for her own use and enjoyment for such things as a vehicle purchase and other personal expenditures.

4.      It was a further part of the conspiracy for Defendant **BETTY ANN BAKER** to conceal her identity from Memorial Hospital, her employer, by using a false social security number, so that Memorial Hospital would not be aware of Defendant **BETTY ANN BAKER'S** previous criminal history involving forgery, theft by deception, and bank fraud, among other things.

5.      It was further a part of the conspiracy for Defendant **KADESIA GOLDEN**, an employee of Memorial Hospital, to use her status as an employee to help facilitate the scheme to defraud.

**B.     Overt Acts**

4.      In furtherance of the conspiracy and to effect the objects thereof, the Defendant, **BETTY ANN BAKER**, aided and abetted by the co-conspirators, outlined below, committed the below-listed overt acts.

**OVERT ACT 1.**    a. Between on or about April 28, 2004 and on or about May 31, 2004, Defendant **BETTY ANN BAKER**, using the alias **BETTY BAKER-EDWARDS**, provided a false social security number for the purpose of concealing her criminal history, including a federal criminal conviction for bank fraud, so that she could obtain employment at Memorial Hospital.

**OVERT ACT 2.**    a. Between on or about May 10, 2005 and on or about July 26, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by the co-conspirators, fraudulently created and obtained multiple checks drawn on Wachovia Account number 2079900415986, which were made payable to herself, the co-conspirators, and several different aliases.

6

b. Defendant **BETTY ANN BAKER** then forged a signature of an authorizing employee so that the checks could be approved and processed.

c. Defendant **BETTY ANN BAKER,** aided and abetted by her co-conspirators, then cashed these checks and retained money for her own use, which checks Defendant was not authorized to cash because, as Defendant **BETTY ANN BAKER** well knew, the checks had been obtained and created by fraud.

d. All checks which were negotiated by Defendant **BETTY ANN BAKER** and her co-conspirators were drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

**OVERT ACT 3.** a. Between on or about May 10, 2005 and on or about July 26, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendant **KADESIA GOLDEN**, fraudulently created and obtained multiple checks drawn on Wachovia Account number 2079900415986, which were made payable to several different aliases, including the names "Kadesa L. Golden" and "Latrelle Golden."

b. Defendant **KADESIA GOLDEN** then cashed these checks and retained money for her own use, which checks Defendant was not authorized to cash because, as Defendant **KADESIA GOLDEN** well knew, the checks had been obtained and created by fraud.

c. All checks which were negotiated by Defendant **KADESIA GOLDEN** were drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

7

**OVERT ACT 4.**     a. On or about June 24, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendant **JOQUINA WILLIAMS**, fraudulently created and obtained a check (#452072) drawn on Wachovia Account number 2079900415986, which was made payable to "Joquina T. Williams."

b. Defendant **JOQUINA WILLIAMS** then cashed this check and retained money for her own use, which check Defendant was not authorized to cash because, as Defendant **JOQUINA WILLIAMS** well knew, the check had been obtained and created by fraud.

c. The check which was negotiated by Defendant **JOQUINA WILLIAMS** was drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

**OVERT ACT 5.**     a. On or about July 15, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendant **JOY JACKSON**, fraudulently created and obtained a check (#455609) drawn on Wachovia Account number 2079900415986, which was made payable to "Joy Jackson."

b. Defendant **JOY JACKSON** then cashed this check and retained money for her own use, which check Defendant was not authorized to cash because, as Defendant **JOY JACKSON** well knew, the check had been obtained and created by fraud.

8

c. The check which was negotiated by Defendant **JOY JACKSON** was drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

**OVERT ACT 6.**    a. On or about June 21, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendant **MAYICO GOLDEN**, fraudulently created and obtained a check (#451262) drawn on Wachovia Account number 2079900415986, which was made payable to "Mayico Golden."

b. Defendant **MAYICO GOLDEN** then cashed this check and retained money for his own use, which check Defendant was not authorized to cash because, as Defendant **MAYICO GOLDEN** well knew, the check had been obtained and created by fraud.

c. The check which was negotiated by Defendant **MAYICO GOLDEN** was drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

**OVERT ACT 7.**    a. On or about June 24, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendants **MELISSA FRAZIER and KADESIA GOLDEN**, fraudulently created and obtained a check (#452287) drawn on Wachovia Account number 2079900415986, which was made payable to "Melissa Frazier."

b. Defendant **MELISSA FRAZIER**, aided and abetted by Defendant **KADESIA GOLDEN**, then cashed the check and retained money for her own use,

9

which check Defendant was not authorized to cash because, as Defendant **MELISSA FRAZIER** well knew, the check had been obtained and created by fraud.

c. The check which was negotiated by Defendant **MELISSA FRAZIER** was drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

**OVERT ACT 8.**    a. Between on or about May 10, 2005 and on or about July 26, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendant **MICHELLE SCOTT**, fraudulently created and obtained multiple checks drawn on Wachovia Account number 2079900415986, which were made payable to "Michelle Scott" as well as several different aliases including "Lekeya Loadholt" and "Marquis Baker."

b. Defendant **MICHELLE SCOTT** then cashed these checks and retained money for her own use, which checks Defendant was not authorized to cash because, as Defendant **MICHELLE SCOTT** well knew, the checks had been obtained and created by fraud.

c. All checks which were negotiated by Defendant **MICHELLE SCOTT** were drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

**OVERT ACT 9.**    a. On or about June 24, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendant **RYAN LEDBETTER**, fraudulently created and obtained a check (#451953)

10

drawn on Wachovia Account number 2079900415986, which was made payable to "Ryan Ledbetter."

b. Defendant **RYAN LEDBETTER** then cashed this check and retained money for his own use, which check Defendant was not authorized to cash because, as Defendant **RYAN LEDBETTER** well knew, the check had been obtained and created by fraud.

c. The check which was negotiated by Defendant **RYAN LEDBETTER** was drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

**OVERT ACT 10.** a. On or about June 24, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendant **LENWOOD PORTER**, fraudulently created and obtained a check (#451999) drawn on Wachovia Account number 2079900415986, which was made payable to "Lenwood Porter."

b. Defendant **LENWOOD PORTER** then cashed this check and retained money for his own use, which check Defendant was not authorized to cash because, as Defendant **LENWOOD PORTER** well knew, the check had been obtained and created by fraud.

c. The check which was negotiated by Defendant **LENWOOD PORTER** was drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

**OVERT ACT 11.**     a. On or about May 27, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendants **TAMEKA POTTER and KADESIA GOLDEN**, fraudulently created and obtained a check (#446442) drawn on Wachovia Account number 2079900415986, which was made payable to "Katrina Ross."

b. Defendant **TAMEKA POTTER**, aided and abetted by Defendant **KADESIA GOLDEN**, then cashed this check and retained money for her own use, which check Defendants were not authorized to cash because, as Defendants **TAMEKA POTTER** and **KADESIA GOLDEN** well knew, the check had been obtained and created by fraud.

c. The check which was negotiated by Defendant **TAMEKA POTTER** was drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

**OVERT ACT 12.**     a. On or about June 23, 2005, in her position as Refund Specialist for Memorial Health, Defendant **BETTY ANN BAKER**, aided and abetted by Defendant **KENNETH JACKSON**, fraudulently created and obtained a check (#451935) drawn on Wachovia Account number 2079900415986, which was made payable to "Kenneth Jackson."

b. Defendant **KENNETH JACKSON**, aided and abetted by Defendant **KADESIA GOLDEN**, then cashed this check and retained money for his own use, which check Defendant was not authorized to cash because, as Defendants **KENNETH**

12

**JACKSON and KADESIA GOLDEN** well knew, the check had been obtained and created by fraud.

   c. The check which was negotiated by Defendant **KENNETH JACKSON** was drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

  All done in violation of Title 18, United States Code, Sections 2 and 371.

**COUNTS 2 THROUGH 37**
**Bank Fraud**
**[18 U.S.C. §§ 2 and 1344]**

  1.  The General Allegations of Part I are hereby incorporated into this count as if fully set forth herein.

  2.  Count 1 of this Indictment is hereby re-alleged and incorporated by reference as if set forth in full herein.

  3.  On or about the dates set forth below, in Chatham County, within the Southern District of Georgia, and elsewhere, the defendant, **BETTY ANN BAKER**, aided and abetted by the co-conspirators as outlined in the specific counts listed below, willfully and with an intent to defraud, executed or attempted to execute a scheme to obtain money, assets, or property from a financial institution, namely Wachovia Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false or fraudulent pretenses, representations, or promises relating to a material fact, by depositing or cashing checks drawn on Wachovia Account 2079900415986 as itemized below, which checks Defendants were not authorized to

13

deposit or cash because, as Defendants well knew, the checks were obtained without authorization and created by fraud.

| COUNT | DEFENDANTS | DATE | AMOUNT | CHECK NUMBER | PAYEE | CASHED BY |
|-------|------------|------|--------|--------------|-------|-----------|
| 2 | Betty Baker | 5/10/05 | $860.00 | 442848 | Ann Baker | Betty Baker |
| 3 | Michelle Scott Betty Baker | 5/13/05 | $855.20 | 443665 | Michelle Scott | Michelle Scott |
| 4 | Betty Baker | 5/13/05 | $906.87 | 443475 | Betty Baker | Betty Baker |
| 5 | Betty Baker | 5/17/06 | $1,250.00 | 444395 | Vince Edwards | Michelle Scott |
| 6 | Betty Baker Kadesia Golden | 5/20/05 | $2,250.00 | 445142 | Latrell Golden | Kadesia Golden |
| 7 | Betty Baker | 5/20/05 | $1,274.00 | 445141 | Betty B. Baker | Betty Baker |
| 8 | Betty Baker | 5/24/05 | $3,800.00 | 445757 | Ann B. Edwards | Betty Baker |
| 9 | Tameka Potter Kadesia Golden | 5/27/05 | $2,312.59 | 446442 | Katrina Ross | Tameka Potter |

| COUNT | DEFENDANTS | DATE | AMOUNT | CHECK NUMBER | PAYEE | CASHED BY |
|-------|-----------|------|--------|--------------|-------|-----------|
| 10 | Betty Baker | 5/27/05 | $2,007.17 | 446369 | Anna B. Baker | Betty Baker |
| 11 | Betty Baker | 6/3/05 | $3,844.89 | 447764 | Betty A. Baker | Betty Baker |
| 12 | Betty Baker | 6/3/05 | $1,178.81 | 447766 | Ann B. Edwards | Betty Baker |
| 13 | Betty Baker | 6/7/05 | $5,108.00 | 448168 | B.A. Baker | Betty Baker |
| 14 | Kadesia Golden | 6/10/05 | $3,984.52 | 448928 | Kadesa L. Golden | Kadesia Golden |
| 15 | Betty Baker | 6/10/05 | $1,294.09 | 448920 | Vince Edwards | Betty Baker |
| 16 | Betty Baker | 6/14/05 | $1,841.00 | 449595 | Betty Ann Edwards | Betty Baker |
| 17 | Kadesia Golden | 6/17/05 | $5,502.51 | 450525 | Latrelle Golden | Kadesia Golden |

| COUNT | DEFENDANTS | DATE | AMOUNT | CHECK NUMBER | PAYEE | CASHED BY |
|-------|-----------|------|--------|--------------|-------|-----------|
| 18 | Betty Baker | 6/21/05 | $4,361.50 | 450958 | Betty Baker | Betty Baker |
| 19 | Betty Baker Mayico Golden | 6/21/05 | $5,146.68 | 451262 | Mayico Golden | Mayico Golden |
| 20 | Kadesia Golden Kenneth Jackson | 6/23/05 | $1,061.50 | 451935 | Kenneth Jackson | Kenneth Jackson |
| 21 | Betty Baker | 6/24/05 | $4,507.75 | 452275 | Bettie E. Baker | Betty Baker |
| 22 | Betty Baker | 6/24/05 | $2,674.92 | 452276 | Betty Ann Baker | Betty Baker |
| 23 | Kadesia Golden Kenneth Jackson | 6/2405 | $2,567.98 | 452294 | Kenneth Jackson | Kenneth Jackson |
| 24 | Lenwood Porter | 6/24/05 | $2,008.67 | 451999 | Lenwood Porter | Lenwood Porter |
| 25 | Kadesia Golden Melissa Frazier | 6/24/05 | $5,127.00 | 452287 | Melissa Frazier | Melissa Frazier |

| COUNT | DEFENDANTS | DATE | AMOUNT | CHECK NUMBER | PAYEE | CASHED BY |
|-------|------------|------|--------|--------------|-------|-----------|
| 26 | Betty Baker<br>Melissa Frazier | 6/24/05 | $1,011.26 | 452023 | Michelle Scott | Michelle Scott |
| 27 | Joquina Williams | 6/24/05 | $2,210.26 | 452072 | Joquina T. Williams | Joquina Williams |
| 28 | Betty Baker<br>Ryan Ledbetter | 6/24/05 | $4,210.19 | 451953 | Ryan Ledbetter | Ryan Ledbetter |
| 29 | Betty Baker | 7/8/05 | $2,186.92 | 454257 | B. B. Edwards | Betty Baker |
| 30 | Betty Baker | 7/15/05 | $9,137.71 | 455739 | Pinnacle Pro Painters | Betty Baker |
| 31 | Betty Baker<br>Joy Jackson | 7/15/05 | $5,464.88 | 455609 | Joy Jackson | Joy Jackson |
| 32 | Betty Baker<br>Michelle Scott | 7/15/05 | $6,642.08 | 455570 | Joey Elmore | Michelle Scott |
| 33 | Betty Baker | 7/15/05 | $2,246.17 | 455621 | Dana Loadholt | Betty Baker |

| COUNT | DEFENDANTS | DATE | AMOUNT | CHECK NUMBER | PAYEE | CASHED BY |
|---|---|---|---|---|---|---|
| 34 | Betty Baker | 7/26/05 | $5,130.40 | 457270 | Brenda A. Baker | Betty Baker |
| 35 | Kadesia Golden | 7/26/05 | $10,124.33 | 457304 | Calique Hamilton | Calique Hamilton |
| 36 | Betty Baker Michelle Scott | 7/26/05 | $4,194.22 | 457308 | Lekeya Loadholt | Michelle Scott |
| 37 | Betty Baker Michelle Scott | 7/26/05 | $9,137.71 | 457376 | Marquis Baker | Michelle Scott |

All done in violation of Title 18 United States Code, Sections 1344 and 2.

## COUNT THIRTY-EIGHT
### FALSE STATEMENT RELATING TO A HEALTH CARE MATTER
### 18 U.S.C. § 1035

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 27, 2005, in Chatham County, within the Southern District of Georgia, the defendant herein:

### BETTY ANN BAKER

did knowingly and willfully make a materially false, fictitious, or fraudulent

representation in connection with the payment for health care benefits, items, or

18

services, that is: defendant, then working as a refund specialist for Memorial Hospital, a health care provider, created, and negotiated for payment, a false check (#446369) in the amount of $2,007.17, as payment for a reimbursement which was submitted by Medicare, a health care benefit program, which check Defendant was not authorized to create or negotiate.

All done in violation of Title 18, United States Code, Section 1035.

## COUNT THIRTY-NINE
### FALSE STATEMENT RELATING TO A HEALTH CARE MATTER
### 18 U.S.C. § 1035

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 15, 2005, in Chatham County, within the Southern District of Georgia, the defendant herein:

### BETTY ANN BAKER

did knowingly and willfully make a materially false, fictitious, or fraudulent representation in connection with the payment for health care benefits, items, or services, that is: defendant, then working as a refund specialist for Memorial Hospital, a health care provider, created, and negotiated for payment, a false check (#455739) in the amount of $9,137.71, as payment for a reimbursement which was submitted by Medicaid, a health care benefit program, which check Defendant was not authorized to create or negotiate.

All done in violation of Title 18, United States Code, Section 1035.

## COUNT FORTY
## FALSE STATEMENT RELATING TO A HEALTH CARE MATTER
### 18 U.S.C. § 1035

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 26, in Chatham County, within the Southern District of Georgia, the defendants herein, **BETTY ANN BAKER and KADESIA GOLDEN**, aided and abetted by each other, did knowingly and willfully make a materially false, fictitious, or fraudulent representation in connection with the payment for health care benefits, items, or services, that is: Defendant **BETTY ANN BAKER**, then working as a refund specialist for Memorial Hospital, a health care provider, aided and abetted by Defendant **KADESIA GOLDEN**, also then employed by Memorial Hospital, created, and negotiated for payment, a false check (#457304) in the amount of $10,124.33, as payment for a reimbursement which was submitted by Medicaid, a health care benefit program, which check Defendants were not authorized to create or negotiate.

All done in violation of Title 18, United States Code, Sections 1035 and 2.

## COUNT FORTY-ONE
## FALSELY REPRESENTING A SOCIAL SECURITY NUMBER
### 42 U.S.C. § 408(a)(7)(B)

Between on or about April 28, 2004 and on or about May 31, 2004, in Chatham County, within the Southern District of Georgia, Defendant **BETTY ANN BAKER**, with intent to deceive, falsely represented 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 to be the social security account number assigned by the Commissioner of Social Security to her, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to her, in violation of Title 42, United States Code, Section 408(a)(7)(B).

## FORFEITURE ALLEGATION

As a result of committing one or more of the offenses alleged in Counts 1 through 40 of this indictment, Defendants shall forfeit to the United States pursuant to 18 U.S.C. § 492, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the charged violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts 1 through 40 of this Indictment.

A True Bill.

_____
FOREPERSON

_____
LISA GODBEY WOOD
UNITED STATES ATTORNEY

_____
Frederick W. Kramer, III
Assistant United States Attorney

_____
Joseph D. Newman
Assistant United States Attorney
Criminal Section Chief

_____
Brian F. McEvoy*
Assistant United States Attorney

* Designates Lead Attorney

21