UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. CR 4-6-98 |
| v. | INDICTMENT |
| KENNETH JACKSON, | Violations: |
| Defendant | 18 U.S.C. § 1344<br>Bank Fraud |

## SUMMARY OF PLEA AGREEMENT

[NOTE: *This summary of the plea agreement is for the convenience of the Court and does not constitute a part of the plea agreement, which follows in full hereafter.*]

### DEFENSE COUNSEL:

Todd Baiad

### ASSISTANT U.S. ATTORNEY:

Jeffrey J. Buerstatte
Brian F. McEvoy

### STATUTES CHARGED:

| COUNT 1 | 18 U.S.C. § 371, CONSPIRACY |
| COUNTS 20, 23 | 18 U.S.C. § 1344, BANK FRAUD |

### CHARGE PLEADING TO:

| COUNTS 20 and 23 | 18 U.S.C. § 1344, BANK FRAUD |

**PENALTY**:

Imprisonment for not more than 30 years or
a fine of $1,000,000, or both; a Special Assessment
of $100; and a period of Supervised Release for 5 years.

**ELEMENTS**

**First:** That the Defendant executed or attempted to execute a scheme to obtain money, assets or property from a financial institution by means of false or fraudulent pretenses, representations, or promises relating to a material fact;

**Second:** That the Defendant did so willfully and with an intent to defraud;

**Third:** That the false or fraudulent pretenses, representations, or promises were material; and

**Fourth:** That the financial institution was federally insured.

**SUMMARY OF GOVERNMENT'S PROMISES**:

The government agrees:

a. To inform the court of the degree of defendant's cooperation and, if the government deems the defendant to have provided substantial assistance, to recommend a downward departure pursuant to U.S.S.G. § 5K1.1, or for a reduced sentence pursuant to Rule 35, Federal Rules of Criminal Procedure.

b. Not to oppose reduction in sentence for acceptance of responsibility, provided defendant admits offense of conviction, has fully complied with the terms of pretrial release, if appropriate, and has not engaged in any additional criminal conduct since his arrest or initial appearance in this case.

c. To Dismiss Count One of the Indictment as to this Defendant.

**SUMMARY OF DEFENDANT'S PROMISES**:

a. The defendant agrees to plead guilty to Counts 20 and 23 of the Indictment.

b. The defendant agrees to cooperate with the government in its continuing investigation of the facts and circumstances underlying the Indictment, including that defendant will testify truthfully at grand jury and trial, if necessary, as to his knowledge of the offenses underlying the Indictment in this case.

Minimum Mandatory __NO__
Rule 35/5K1.1 __YES__
Appeal Waiver __NO__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. CR 4-6-98 |
| v. | INDICTMENT |
| KENNETH JACKSON, | Violations: |
| Defendant | 18 U.S.C. § 1344<br>Bank Fraud |

## PLEA AGREEMENT

### DEFENSE COUNSEL:

Todd Baiad

### ASSISTANT U.S. ATTORNEY:

Brian F. McEvoy

### STATUTES CHARGED:

18 U.S.C. § 371, CONSPIRACY

18 U.S.C. § 1344, BANK FRAUD

### CHARGE PLEADING TO:

18 U.S.C. § 1344, BANK FRAUD

### PENALTY:

3

## PENALTY:

Imprisonment for not more than 30 years or
a fine of $1,000,000, or both; a Special Assessment
of $100; and a period of Supervised Release for 5 years.

## ELEMENTS

**First:** That the Defendant executed or attempted to execute a scheme to obtain money, assets or property from a financial institution by means of false or fraudulent pretenses, representations, or promises relating to a material fact;

**Second:** That the Defendant did so willfully and with an intent to defraud;

**Third:** That the false or fraudulent pretenses, representations, or promises were material; and

**Fourth:** That the financial institution was federally insured.

###############################################################

Joseph D. Newman, Assistant United States Attorney, Brian F. McEvoy, Assistant United States Attorney, and Todd Baiad, attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein, and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT'S OBLIGATIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in the Indictment, the attorney for the government will do the following:

a. The government will not object to a recommendation from the probation office that the defendant receive the maximum reduction in his sentence for acceptance of responsibility under the provisions of Chapter Three Part E of the sentencing guidelines, provided that defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, and has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter.

b. Make known to the Court the degree of cooperation provided by the defendant to authorities of the Federal Bureau of Investigation and other law enforcement authorities in its continuing investigation into circumstances underlying the Indictment in this case, including that defendant will testify truthfully at grand jury and trial, if necessary, as to his knowledge of the offenses underlying the Indictment in this case. In that regard, in the event the defendant cooperates fully and truthfully and, if called upon, testifies truthfully in grand jury and/or in open court, and by so doing renders substantial assistance to the government, the government will file, pursuant to USSG §5K1.1 or Rule 35 of the Federal Rules of Criminal Procedure, a motion for the Court to depart downward from the guidelines, or to reduce the sentence, in view of substantial assistance. In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government and the defendant agrees that the defendant cannot and will not challenge that decision whether by appeal or collateral attack or otherwise.

2. The government reserves the right to inform the Court and the U. S. Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and his background. The government will inform the defendant and defense counsel of all information provided to the probation office at the time it is provided to that office.

**DEFENDANT'S OBLIGATIONS**

3. The defendant agrees to plead guilty to Counts 20 and 23 of the Indictment.

4. The defendant understands that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge and belief, and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

**Defendant's Cooperation**

5. The defendant agrees to cooperate fully and testify **truthfully** against any and all persons as to whom the defendant may have knowledge whenever called upon to do so with regard to the facts underlying the indictment in this case, as well as the government's continuing investigation into the circumstances underlying the Indictment. The defendant understands that this agreement does not require the

defendant to "make the case" against any particular person or persons. Rather **it requires the defendant to be truthful** and to testify truthfully whenever called upon. The defendant agrees to fully and truthfully respond to all questions asked by law enforcement officers. Defendant agrees to submit to a polygraph examination if deemed necessary by the government to verify the truthfulness of information the defendant is supplying pursuant to the cooperation provision of this plea agreement.

## REPRESENTATIONS OF THE DEFENDANT MADE TO THE COURT

6. The defendant, before entering a plea of guilty to the Indictment, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant understands the nature of the charge to which the plea is offered to the Indictment, that the defendant did commit an offense against the United States, that is to say, a violation of Title 18, United States Code, Section 1344.

### Factual Basis

c. The defendant further understands that the nature of the charge to which the plea is offered involves proof as to the Indictment, that between on or about June 23, 2005 and July 1, 2005, Defendant **KENNETH JACKSON**, fraudulently created and obtained a check drawn on Wachovia Account number 2079900415986, which was made payable to "Kenneth Jackson." Defendant **KENNETH JACKSON**, aided and abetted by others, then cashed this check and retained money for his own

7

use, which check Defendant was not authorized to cash because, as Defendant **KENNETH JACKSON** well knew, the check had been obtained and created by fraud.

The check which was negotiated by Defendant **KENNETH JACKSON** was drawn on an account at Wachovia Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation. All done in violation of Title 18, United States Code, Section 1344.

    d. The defendant understands that he has a right to be represented by an attorney at every stage of the proceedings against him herein and is represented by the defendant's undersigned attorney.

    e. The defendant understands that he has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, the right to call witnesses in his own behalf, and the right not to be compelled to incriminate himself, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offenses to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against him in a prosecution for perjury or false statement if the answers are not truthful.

g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i. The defendant further advises the Court that it is understood that the Court is not a party to this agreement and that the government can only make recommendations which are not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by statute including imprisonment for not more than ten (30) years; a fine of not more than $1,000,000; not more than five (5) years supervised release; and a special assessment of $100. **The defendant also understands that in accordance with United States v. Booker, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to

9

plead guilty to the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k. The defendant understands that the U. S. Probation Office will prepare a pre-sentence investigation report for the Court. The U. S. Probation Office will consider defendant's conduct relevant to the acts committed by the defendant, including the offense to which he is pleading, as well as his criminal history. The offense level and criminal history category determined by the U. S. Probation Office and the Court may differ from that projected by defendant's counsel or the U. S. Attorney. In the event the Court determines defendant's offense level or criminal history category to be higher than defendant anticipated, he will nonetheless have no absolute right to withdraw his plea.

7. In addition to the foregoing provisions to which defendant agrees, he swears under penalty of perjury that the facts in the "Factual Basis" paragraph above are true and that his attorney has acted competently and the defendant's best interests during his representation of defendant.

8. The undersigned attorneys for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules

of Criminal Procedure, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against him and the right not to be compelled to incriminate himself; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further the defendant has been advised that if he pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against him in a prosecution for perjury or false statement if the answers are not truthful.

This 6th day of April, 2006.

LISA GODBEY WOOD
UNITED STATES ATTORNEY

Joseph D. Newman
Assistant United States Attorney
Georgia Bar No. 541150

Brian F. McEvoy
Assistant United States Attorney
Georgia Bar No. 490845

11

_____
Todd Baiad
Attorney for Defendant

The foregoing Plea Agreement, consisting of 12 pages, having been read to me, I understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

_Kenneth Jackson_
Kenneth Jackson
Defendant

_10/19/06_
Date

## **ORDER**

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This  20th  day of  DECEMBER , 2006.

_____
HON. WILLIAM T. MOORE, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA